## Chester City *v.* Union Railway Company of ...
## Appellant.

*Street railways—Municipal consent—Condition—Arbitra... —Equity.*

Where a city by ordinance gives to a street railway... right to use a particular street, but reserves in the ordin... to grant to any other railway company the right to use t... and the mayor, as a condition of giving his assent to... requires the railway company to enter into an agreem... any dispute that it may have with another company to... to the use of the street may be granted, the company... quently allege that the agreement for arbitration n... ordinance was not binding on it, and that, even... ment of submission is revocable.

If the ordinance, in such a case, contains no... the agreement to arbitrate cannot be construed as... the right to forfeit the franchises, because the company... appointed an arbitrator was not able to carry through... on account of its arbitrator, acting in good faith, bein... ree with the second arbitrator on the choice of the thir...

Where the city acting under the ordina... another railway company to use the stre... thereafter maintain a bill in equity... mit the second company to use... a case is the grantee in th...

Argued Feb. 12, 1907.    Appeal, No. 292, Jan. T., 1906, by defendant, from decree of C. P. Del. Co., March T., 1905, No. 16, on bill in equity in case of City of Chester v. Union Railway Company of Chester, Pa., and The Chester Traction Company.    Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.    Reversed.

Bill in equity for an injunction.    Before JOHNSON, P. J.

*Error assigned* was the decree of the court awarding an injunction.

*W. B. Broomall*, for appellants.—An executory agreement to arbitrate is revocable : Mentz v. Armenia Fire Insurance Company, 79 Pa. 478 ; Gray v. Wilson, 4 Watts, 39 ; Snodgrass v. Gavit, 28 Pa. 221 ; Lauman v. Young, 31 Pa. 306; Needy v. German-American Insurance Company, 197 Pa. 460 ; Commercial Union Assurance Company v. Hocking, 215 Pa. 407 ; Penn Plate Glass Company v. Spring Garden Insurance Company, 189 Pa. 255 ; Yost v. Insurance Company, 179 Pa. 381.

Refusal to act or the death of an arbitrator is a revocation : Wolf v. Augustine, 181 Pa. 576 ; Needy v. German-American Ins. Co., 197 Pa. 460 ; Minersville Borough v. Schuylkill Electric Ry. Co., 205 Pa. 394.

*A. A. Cochran*, for appellee.—A grant to a corporation is always strictly construed against the corporation and in favor of the public : Com. v. Central Pass. Ry. Co., 52 Pa. 506 ; Stein v. Bienville Water Supply Co., 141 U. S. 67 (11 Sup. Ct. Repr. 892).

Where a submission contains more than a naked power it assumes the form and character of a contract, whereby important rights are gained and lost reciprocally, and the submission is a moving consideration ; it is not revocable : Paist v. Caldwell, 75 Pa. 161 ; White's Appeal, 108 Pa. 473 ; McKenna v. Lyle, 155 Pa. 599 ; Zehner v. Lehigh Coal, etc., Co., 187 Pa. 487 ; McCune v. Lytle, 197 Pa. 404 ; Everhart Heirs v. Flynn & Collins, 6 Pa. Dist. Rep. 131 ; Buckwalter v. Russell, 119 Pa. 495.

The city had the right under the constitution to make the grant of its streets subject to any conditions, precedent, concurrent or subsequent, and the company could either accept or refuse.

This right has been settled in Pittsburg's Appeal, 115 Pa. 4; Plymouth Township v. Railway Co., 168 Pa. 181; Minerville Boro. v. Railway Co., 205 Pa. 394; Allegheny v. Millville, etc., St. Ry. Co., 159 Pa. 411; Montooth Boro. v. Ry. Co., 206 Pa. 338.

OPINION BY MR. CHIEF JUSTICE MITCHELL, April 29, 1907:

The city of Chester in 1893 by ordinance granted to the Union Railway Company, appellant, the right to construct and operate its railway on certain streets named. The ordinance contained conditions, none of which have any relevancy to this controversy except the following, " the councils of the city of Chester reserve the right to grant permission to any other railroad company to run over the tracks of the said Union Railway Company on . . . . Edgmont avenue from Fifteenth street to the city line, upon the company to whom this right shall be granted making an amicable arrangement with the Union Railway Company for the running of cars over its tracks between the points named." When this ordinance was presented to the mayor he declined to approve and sign it until the appellant had agreed " that if at any time permission shall be granted by the said city of Chester to any other railway company, or if such permission shall be asked of the said city by any other railway company to run over the tracks of the party of the first part on . . . . Edgmont avenue, from Fifteenth street to the city line, . : .,., and the said party of the first part and the said other railway company shall fail to agree upon the terms upon which the said other railway company shall be allowed to use the tracks of the party of the first part, then and in such case the terms and conditions of such use shall be determined in the following manner, to wit : The party of the first part shall appoint one person and the other railway company asking the said permission shall appoint another person, and these two persons so appointed shall select a third person, and the majority of the said three persons so selected shall prescribe the terms and conditions upon which the said other railway company shall

occupy and use the said tracks of the said party of the first part, and such terms shall be obligatory upon the said party of the first part; and in case either party refuse or neglect within a reasonable time to appoint, the other party shall have the right to appoint in its place." A formal agreement in these terms was executed by the appellant company and the mayor and city clerk, and on the same day the ordinance was signed by the mayor and became effective.

By various ordinances between 1894 and 1902 the city of Chester granted to the Media, Middletown, etc., railway company the right to lay tracks on certain streets, including finally Edgmont avenue, with the right to use appellant's tracks thereon. This was the origin of the present controversy.

The appellant claimed that the agreement for arbitration not being part of the ordinance was not binding on it, and that even if it were, the agreement of submission was revocable. Neither claim can be sustained. Whether the mayor of the city had any authority to impose conditions of consent additional to those called for in the ordinance itself is a question that does not arise. The appellant agreed to them. The city was not under any obligation to grant the use of its streets at all, and did so only by virtue of the ordinance; the ordinance became valid by the mayor's approval, and his approval was in consideration of the agreement for arbitration. That agreement was, therefore, part of the consideration for the city's consent and binding on the appellant.

Nor can the appellant's claim of the right to revoke the agreement of arbitration be sustained. While such agreements are in general unfortunately under the ancient precedents held revocable, yet where they are part of the condition of the municipal consent, the corporation takes the consent cum onere and cannot thereafter revoke or repudiate any part of the condition: Plymouth Township v. Chestnut Hill etc., Ry. Co., 168 Pa. 181.

But on the other hand the ordinance of March, 1904, was far beyond the city's authority. There was no clause of forfeiture in the original ordinance of consent, and even if the agreement of arbitration could possibly be considered as containing such implied power, there was no breach by the appellant. Even express powers of forfeiture must be strictly

followed.    What the agreement stipulated for was the appointment of an arbitrator by each party, and on refusal by either the right of the other to appoint for both.    The appellant did not refuse.    On the contrary, it appointed an arbitrator who met the arbitrator appointed by the Media & Middletown Company, but failed to come to an agreement with him as to the third, and thereupon the Media & Middletown arbitrator assumed to appoint another and an award was made by the tribunal as thus constituted.    This action was entirely unauthorized and the award a nullity.    The appellant appointed an arbitrator and thus prima facie complied with its agreement.    If appellant or its arbitrator was acting in bad faith and his failure to agree on a third arbitrator was a mere device to escape substantial compliance with the agreement, that fact should have been judicially established by a bill or other proceeding.    It could not be assumed by the adverse party and action taken on that assumption.    The award was a nullity and the ordinance of March 22, 1904, based on it was void for want of authority to declare a forfeiture.

But another fatal objection to the present proceeding is that the city of Chester on its own showing is not a party aggrieved. In consenting to the occupation of its streets by the appellant it reserved the right " to grant permission to any other railroad company to run over the tracks of the said Union Railroad Company on Edgmont Avenue," etc. · Under that reservation it has given permission to the Media & Middletown Railway, and if such permission has been regularly and properly granted the franchise to that company is complete and valid and enforceable without reference to appellant's consent or action.    The right of the city to grant permission to the second company was not in any way dependent on the " amicable arrangement" between the two companies.    Such a construction would make the validity of the city's permission to the second company dependent on the appellant's willingness to come to such amicable arrangement and thus put it in appellant's power to defeat the city's reserved right.    The agreement for arbitration by the two companies, therefore, was no part of the franchise which the city reserved the right to grant.    It was only a mode provided for adjusting conflicting rights in the future, a mode to be pursued in the first instance because

it was so agreed, but not exclusive of a mode to be ascertained and enforced by a court of equity if as heretofore said the action of appellant or its arbitrator was in bad faith for the real purpose of defeating an apparent compliance. But the party aggrieved in such case, and, therefore, the party to ask for remedy, is the grantee of the second franchise which is thus interfered with. The city has exercised its reserved right and has no further legal interest in the matter.

The Media & Middletown railway is not a party to this action and its rights cannot be adjudicated in it.

The decree is reversed and the bill dismissed, each party to pay half the costs.